UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL T. MILLER,

       Plaintiff,

v.

LUMBER LIQUIDATORS, INC.,

       Defendants.

Case No. 5:22-cv-10829
District Judge Judith E. Levy
Magistrate Judge Anthony P. Patti

_____/

### REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 16)

**I.  RECOMMENDATION**: The Court should **GRANT** Defendant's motion for summary judgment (ECF No. 16) and issue an order dismissing Plaintiff's negligence claim with prejudice.

**II.  REPORT:**

   **A.  Background**

Daniel T. Miller alleges that, on January 19, 2021, he was a business visitor at Lumber Liquidator's Inkster Road location. (ECF No. 1-1, ¶ 8.) He "asked the hi-lo driver to elevate the forks to ease the difficulty of lifting; but, instead he caused the hi-lo to move forward and pin Plaintiff's left foot." (*Id*., ¶ 17.) Plaintiff alleges he "was caused to violently twist and fall in extricate his foot and ankle

1

from the encroaching pallet." (*Id.*, ¶ 18.) He claims to have "suffered severe and permanent injuries to his foot and to his back." (*Id.*, ¶ 20.)

On March 8, 2022, Miller initiated this personal injury lawsuit via counsel in state court, setting forth a single cause of action based on negligence. (ECF No. 1-1, ¶¶ 21-26.) *See* Case No. 22-002687-NO (Wayne County). On April 6, 2022, Defendant Lumber Liquidators filed an answer, along with affirmative defenses and a demand for trial by jury. (ECF No. 1-3, PageID.23-33.)

On April 18, 2022, Defendant Lumber Liquidators removed the case to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (ECF No. 1, ¶¶ 7-9; *but see id.*, ¶ 11.) Although the Court's August 2022 scheduling order set the discovery deadline for April 14, 2023 and the dispositive motion cut-off for May 15, 2023 (ECF No. 3), those dates were extended respectively to June 16, 2023 and July 14, 2023. (*See* ECF Nos. 12, 13.)

    **B.**    **Instant Motion**

The parties notified the Court they would be facilitating this matter on February 2, 2023. (*See* Sept. 21, 2022 staff notes.) In April 2023 and again in May 2023, Defendant Lumber Liquidators, Inc. filed offers of judgment. (ECF Nos. 14, 15.) These efforts do not appear to have been fruitful, because, on May 15, 2023, Defendant Lumber Liquidators filed a motion for summary judgment. (ECF No. 16.)

Shortly thereafter, this motion was noticed for a November 9, 2023 hearing before Judge Levy (ECF No. 17). However, in August 2023, the hearing was cancelled and the motion was referred to me for entry of a report and recommendation. (ECF No. 18.) In mid-September 2023, Plaintiff filed a response and appendices (ECF Nos. 20, 21, 22); however, the Court promptly entered the following text-only order:

> Plaintiff's summary judgment response and appendices (ECF Nos. 20, 21 and 22) are HEREBY STRICKEN for being filed four months after Defendant's motion for summary judgment (ECF No. 16), in gross violation of the deadlines set forth in E.D. Mich. LR 7.1(e)(2). With respect to the ensuing Report and Recommendation to be issued by the Undersigned, Defendant's summary judgment motion (ECF No. 16) will, accordingly, be: (1) treated as unopposed, (2) taken under advisement on the papers only and without a hearing under E.D. Mich. LR 7.1(f)(2), and (3) reviewed under the standards required by *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014) and Fed. R. Civ. P. 56(c)(3). *See Global Freight, Inc. v. Tremell*, 633 F. Supp.3d 985, 990-991 (E.D. Mich. 2022). Accordingly, no reply brief will be required or permitted.

(ECF No. 23.)[1]

In other words, this report and recommendation is based solely upon Defendant's submission (ECF No. 16) as it relates to the operative pleading (ECF

---

[1] The period for filing an objection to the Court's text-only order striking Plaintiff's extremely tardy response brief and appendices under Fed. R. Civ. P. 72(a) expired seven days ago, as did the period for filing a motion for reconsideration of that order under E.D. Mich. LR 7.1(h). In any case, Plaintiff has never requested any relief nor made any showing under Fed. R. Civ. P. 6(b)(1)(B).

No. 1). "[E]ven where a motion for summary judgment is unopposed, a district court must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists." *E.M.A. Nationwide*, 767 F.3d at 630; *see also, Global Freight, supra*. However, "[n]either the trial nor appellate court … will sua sponte comb the record from the partisan perspective of an advocate for the non-moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 410 (6th Cir. 1992).

C. **Standard**

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (internal citations omitted).

"The moving party has the initial burden of proving that no genuine issue of material fact exists . . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); cf. Fed. R. Civ. P. 56 (e)(2) (providing that if a party "fails to properly address another party's assertion of

fact," then the court may "consider the fact undisputed for the purposes of the motion."). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted). Moreover, "the mere existence of a scintilla of evidence that supports the nonmoving party's claims is insufficient to defeat summary judgment." *Pack v. Damon Corp.*, 434 F.3d 810, 814 (6th Cir. 2006) (internal quotations and citations omitted).

Summary judgment is appropriate if the evidence favoring the nonmoving party is merely colorable or is not significantly probative. *City Management Corp. v. United States Chem. Co.*, 43 F.3d 244, 254 (6th Cir. 1994). In other words, summary judgment is appropriate when "a motion for summary judgment is

5

properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

### D. Analysis

Plaintiff claims Defendant's negligence includes, but is not limited to, the following acts and omissions:

A. It failed to select, employ, and retain in its service a careful and competent employee for the undertaking of inherently dangerous work (i.e., loading of heavy materials).

B. It failed to warn Plaintiff of the hazards of the loading process and/or work out signals for all clear for continued loading.

C. It failed to carefully observe Plaintiff's position in the bed of his truck.

D. Operating heavy and dangerous equipment while being distracted by telephone calls.

E. Disengaging the hi-lo from neutral and releasing the parking brake.

F. Moving the hi-lo forward without warning.

G. Failed to provide adequate job supervision and inspection.

(*Id.*, ¶¶ 23(A)-(G).)

Defendant argues "there is no evidence to support the Plaintiff's claim that Defendant was ordinarily negligent." (ECF No. 16, PageID.159.)[2] Under Michigan law,

> . . . a plaintiff asserting a negligence claim must prove: "(1) 'that the defendant owed a legal duty to the plaintiff,' (2) 'that the defendant breached or violated the legal duty,' (3) 'that the plaintiff suffered damages,' and (4) 'that the breach was a proximate cause of the damages suffered.'" *Demo v. Red Roof Inns, Inc.*, 274 Fed.Appx. 477, 478 (6th Cir.2008) (quoting *Schultz v. Consumers Power Co.*, 443 Mich. 445, 506 N.W.2d 175, 177 (1993)). "The duty that a possessor of land owes to another person who is on the land depends on the latter person's status." *Hampton v. Waste Mgmt. of Mich., Inc.*, 236 Mich.App. 598, 601 N.W.2d 172, 175 (1999).

*Foust v. Home Depot USA, Inc.*, 166 F. Supp. 3d 881, 885–86 (E.D. Mich. 2016) (Parker, J.).

### 1. Duty & Breach

Plaintiff alleges that Lumber Liquidators, "as the entity in charge of its equipment and its employees[,] owed to the Plaintiff the duty to exercise reasonable care to operate its heavy equipment for Plaintiff's safety." (ECF No. 1-1, ¶ 22.) Plaintiff alleges that Defendant "breached its duty and was negligent." (*Id.*, PageID.14 ¶ 23.)

---

[2] In making this argument, Defendant mentions language from ¶ A and ¶¶ C-G, but this report assumes Defendant also intended to include ¶ B, as made clear by its citation and reference to ECF No. 1-1, ¶ 23, A-G. *See* ECF No. 16, PageID.159.

As for breach of a duty, Defendant points to certain aspects of Plaintiff's December 19, 2022 deposition testimony. (ECF No. 16-1.) For example:

- Plaintiff testified, "So if we go back to the phone call situation, he was on a phone call while we were loading the rest of the stacks. We get down to the last stack, Jeremy and I were kind of impatiently waiting for him to get off his phone call. *Once he did that*, we both signaled the up direction and yelled, can you go up, just to basically bring that last five bundles up a little higher so we could get it up on top of the ones that are in the van." (*Id.*, PageID.181 [p. 63-64 ¶¶ 21-25, 1-4 (emphasis added).]) Therefore, Defendant contends, "the Plaintiff and the Defendant's hi-low driver were looking at each other when Plaintiff signaled him to move the pallet." (ECF No. 16, PageID.159.)

- Plaintiff was asked, "So Matt then, he pulled the -- I guess disengaged the parking brake on it, and that's when the hi-lo moved forward?" Plaintiff answered, "I'm not 100% certain about the brake or what happened. I mean, I assumed that it rolled because the parking lot was uneven, because I didn't -- I didn't expect him to drive forward. Like I said, he was already as far as you can be close without hitting my vehicle, so I don't know why he would have gone forward." (ECF No. 16-1, PageID.182 [p. 67 ¶¶ 3-12].) Therefore, Defendant contends, "Plaintiff 'guesses' the Defendant's driver disengaged the parking brake." (ECF No. 16, PageID.159.)

(ECF No. 16, PageID.159.) Finally, and clearly nodding to Paragraph 23A of the complaint, Defendant contends "there is no evidence to support the Plaintiff's allegation that Defendant failed to select, employ, or retain services of a careful and competent employee to operate a hi-low, or failed to provide adequate job supervision and inspection." (*Id.*, PageID.159-160.)

As Defendant Lumber Liquidators summarizes, "[t]he Plaintiff was standing in the back of his truck and voluntarily unloading material from the hi-low into his vehicle[,]" and "[t]here is no evidence that the Defendant's employee would have moved the hi-low but for the Plaintiff's request." (*Id.*, PageID.160.) Based on the foregoing testimony cited in Defendant's brief, Defendant has shown that "the Defendant's hi-low driver did not breach a duty alleged by the Plaintiff in this matter[,]" (*id.*), namely "the duty to exercise reasonable care to operate its heavy equipment for Plaintiff's safety[,]" (ECF No. 1-1, ¶ 22), and Plaintiff did not rebut this showing with a timely response.

### 2. Damages

Even if the Court were to conclude that Defendant owed Plaintiff a legal duty and breached that duty, the Court then would need to consider whether Plaintiff suffered damages, and, if so, whether "[t]he acts or omissions of Defendant and its employee were a direct and proximate cause of Plaintiff's injuries and damages." (ECF No. 1-1, ¶ 25.) Defendant explains:

> The Plaintiff did not seek medical treatment at the scene. Rather he drove to his [friend] [Lia]'s home where approximately 10 boxes of material were unloaded. The Plaintiff then drove back to his house where he [helped unload] the remaining material.

9

(ECF No. 16, PageID.147-148, ¶ 8 (citing ECF No. 16-1, PageID.184 [p.75-76]).)³  As to damages, Defendant argues "there is no evidence that Plaintiff sustained any injuries."  (ECF No. 16, PageID.160.)  Here, too, Defendant points to certain aspects of Plaintiff's December 19, 2022 deposition testimony.  (ECF No. 16-1.)  For example,

- Plaintiff was asked, "when the hi-lo moved forward that pallet pinched your ankle against the back end of your vehicle; is that right?"  Plaintiff answered:  "Well, it was more like the top of my foot. . . . It kind of went over the top of it, and then it caused me to fall in.  So it was actually trapped underneath the pallet."  (*Id.*, PageID.182 [p. 68, ¶¶ 18-22].)

- Plaintiff testified that he was wearing tennis shoes.  He was asked, "Do you know as a result of the incident, you're your tennis shoe ripped or was it – did it slice it open or anything like that?"  He was also asked, "How about as a result of that incident, did you have any kind of fractured bones in your foot that like broke through the skin?"  In each case, Plaintiff answered, "No."  (*Id.*, PageID.182 [p. 69, ¶¶ 9-22].)

- He later went to urgent care and had an x-ray taken of the left foot.  Plaintiff did not know if they told him "the results right away[,]" but he "believe[d] they just said it was bruised, not broken and kind of just told [him] to like, you know, Motrin, you know, ice it, whatever."  (*Id.*, PageID.184 [p. 76-77, ¶¶ 22-25, 9-12].)⁴

---

³ Brackets are used to indicate where the Court conformed Defendant's quote to what the cited deposition testimony actually was, without Defendant's unwarranted "spin."

⁴ It seems Defendant provided an errant citation for its statements that "[l]ater that day[,] Plaintiff sought medical treatment[,]" and "[d]iagnostic tests did not detect any fractures or broken bones."  (*Compare* ECF No. 16, PageID.160 (citing ECF

- Plaintiff was asked if he took "any pictures of any kind of bruising, swelling, cuts, abrasions?" He answered: "There was no cuts, no abrasions. The bruising that they found must have been under the skin, because I didn't see any physical signs of like black-and-blue or purple or anything like that on the exterior of the skin." (*Id.*, PageID.200 [p. 138 ¶¶ 8-14].)

(*Id.*, PageID.160.) Moreover, Defendant contends "there are no qualified experts who have opined that this alleged incident was the proximate cause of any alleged back condition." (*Id.*) Therefore, Defendant contends that "Plaintiff cannot sustain his burden of proof regarding any alleged damages." (ECF No. 16, PageID.162.)

Based on the foregoing testimony cited in Defendant's brief, Defendant has convinced me that there is a dearth of evidence on damages related to Plaintiff's alleged foot (ankle) and/or back (spine) injuries (*see* ECF No. 1-1, ¶¶ 17, 18, 20, 26), if not also on causation (*id.*, ¶ 25), and Plaintiff did not timely rebut this contention.

E.   **Conclusion**

For the reasons set forth in greater detail above, Defendant Lumbar Liquidators has shown "there is no genuine dispute" as to the element of damages, if not also as to the element of duty, *see* Fed. R. Civ. P. 56(a), and Plaintiff did not

---

No. 16-1, PageID.182 [p. 67, ¶¶ 4-14]); with, ECF No. 16, PageID.148, 157 (each citing ECF No. 16-1, PageID.184 [p. 77 ¶ 12]).)

rebut these points in a timely response. Accordingly, the Court should **GRANT** Defendant's motion for summary judgment (ECF No. 16) and issue an order dismissing Plaintiff's negligence claim with prejudice.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  October 10, 2023

                                  Anthony P. Patti
                                  UNITED STATES MAGISTRATE JUDGE