UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Daniel Miller,

          Plaintiff,　　　　　Case No. 22-10829

v.　　　　　　　　　　　　　　Judith E. Levy
　　　　　　　　　　　　　　　United States District Judge
Lumber Liquidators, Inc.,
　　　　　　　　　　　　　　　Mag. Judge Anthony P. Patti
          Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART PLAINTIFF'S OBJECTIONS [26], REJECTING THE REPORT AND RECOMMENDATION [24], AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [16]**

On October 10, 2023, Magistrate Judge Anthony P. Patti issued a Report and Recommendation ("R&R") (ECF No. 24) recommending the Court grant Defendant Lumber Liquidators, Inc.'s motion for summary judgment. (ECF No. 16.) On October 20, 2023, Plaintiff Daniel Miller filed five objections to the R&R. (ECF No. 26.) Defendant filed a response on November 3, 2023. (ECF No. 28.) For the reasons set forth below, Plaintiff's objections are granted in part and denied in part, the R&R is rejected, and Defendant's motion for summary judgment is denied.

I. Background

    A. Factual Background

On January 19, 2021, Plaintiff visited Defendant's Inkster Road location to pick up flooring that he had ordered. (*See* ECF No. 1-1, PageID.13; ECF No. 16-1, PageID.178–184.) Defendant's employee, Matthew Semeniuk, brought the flooring out to Plaintiff's vehicle on a pallet using a hi-lo and raised the pallet in the air so that it was easier for Plaintiff and his friend, Jeremy Lindsey, to load the flooring into Plaintiff's vehicle. (*See* ECF No. 16-1, PageID.172, 179–181.) When there was one row (five boxes) remaining on the pallet, Plaintiff signaled to and yelled at Semeniuk to raise the pallet higher. (*See id.* at PageID.181–182.) However, the hi-lo instead moved forward so that the pallet was on top of Plaintiff's left foot, trapping it under the pallet and causing Plaintiff to fall backwards into his vehicle. (*See id.* at PageID.182.) Semeniuk backed the hi-lo out, and Lindsey finished loading the boxes while Plaintiff "tried to walk it off." (*Id.* at PageID.183.)

While Plaintiff did not immediately seek medical treatment, he went to an urgent care facility for treatment of his left foot later that afternoon. (*See id.* at PageID.183–184.) The urgent care X-rayed

Plaintiff's foot and indicated that it was "bruised, not broken" and advised Plaintiff to use Motrin and ice to treat the pain. (*See id.* at PageID.184.) A week or two after the incident, the pain worsened so Plaintiff followed up with his primary care physician, who referred Plaintiff to a podiatrist. (*See id.* at PageID.184–185.) After numerous tests over several months, the podiatrist determined that the source of Plaintiff's pain was likely his back and not his foot. (*See id.* at PageID.185.) During this time, Plaintiff also saw a chiropractor and was referred briefly to physical therapy. (*See id.* at PageID.171, 185–186.) Plaintiff's chiropractor referred him to a back specialist, Dr. Peter Bono. (*See id.* at PageID.171.) Dr. Bono performed two discectomies on Plaintiff's lumbar spine, first in January 2022, and then in June 2022. (*See id.* at PageID.171, 186.) However, Plaintiff still suffers from sciatica, and he testified: "[T]he bottom of my left foot feels like I -- it's like your foot falls asleep, it's like that all day long constantly and it's been like that for over almost two years." (*See id.* at PageID.197.)

### B.    Procedural History

The Court detailed the procedural history of this case in its prior opinion and order on Plaintiff's motion for an extension of time. (*See* ECF

3

No. 29, PageID.419–420.) That procedural history is fully adopted as though set forth herein.

## II. Legal Standard

### A. Summary Judgment

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002)).

### B. Objections to a Report and Recommendation

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be

4

proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

### III. Analysis

#### A. Objection 1

In Objection 1, Plaintiff asserts that "the [R&R] does not properly apply the standard of review for motions for summary judgment." (ECF No. 26, PageID.388.) Plaintiff also states: "In the objections which follow[,] specific instances of inferences fairly drawn from underlying facts are shown unconsidered or not considered or not viewed in a light most favorable to Plaintiff. It also appears that credibility judgments were likewise made." (*Id.* at PageID.389.) However, Plaintiff does not point to any specific errors in the R&R in Objection 1. As such, Objection 1 is improper and is therefore denied. *See Pearce*, 893 F.3d at 346; *Miller*, 50 F.3d at 380.

#### B. Objections 2 and 3

Objections 2 and 3 concern the R&R's discussion of duty and breach. In the R&R, Judge Patti concludes that "Defendant has shown that 'the Defendant's hi-lo[ ] driver did not breach a duty alleged by the Plaintiff in this matter[,]' namely 'the duty to exercise reasonable care to operate its heavy equipment for Plaintiff's safety[.]'" (ECF No. 24, PageID.362 (second alteration in original) (citations omitted).) Plaintiff states in

6

Objection 2 that the R&R "should make a finding as to whether Defendant was under a legal duty[,] for it is the lynch pin for determining whether there is a breach."[1] (ECF No. 26, PageID.391.) In Objection 3, Plaintiff challenges the R&R's conclusion that Defendant did not breach a duty owed to Plaintiff, pointing to his own testimony that Semeniuk erred in allowing the hi-lo to move forward over top of Plaintiff's left foot. (*See id.* at PageID.391–394.)

Judge Patti was not required to determine if Defendant owed Plaintiff a duty in light of his determination that Defendant did not breach any alleged duty. Nevertheless, the Court agrees that Plaintiff's testimony, viewed in the light most favorable to Plaintiff, demonstrates

---

[1] Objection 2 also appears to challenge the R&R's citation to *Foust v. Home Depot USA, Inc.*, 166 F. Supp. 3d 881, 885–86 (E.D. Mich. 2016), for the elements of a negligence claim under Michigan law, which Defendant also relies on in its motion for summary judgment. (*See* ECF No. 26, PageID.389–390; *see also* ECF No. 16, PageID.160–161; ECF No. 24, PageID.360.) Plaintiff correctly points out that *Foust* concerned a premises liability claim, while his claim is for ordinary negligence. *See Foust*, 166 F. Supp. 3d at 889–90 (concluding that the plaintiff's negligence and premises liability claims were "properly asserted and analyzed only as a premises liability claim"). However, Judge Patti's reliance on *Foust* has no impact on the outcome of the R&R or this motion because "[i]n a premises liability action, a plaintiff must prove the elements of negligence[.]" *Buhalis v. Trinity Continuing Care Servs.*, 296 Mich. App. 685, 693 (2012) (citations omitted). As such, this portion of Objection 2 is without merit.

7

that Defendant breached its duty to Plaintiff. As such, the Court addresses both duty and breach below.

"To establish a prima facie case of negligence, a plaintiff must prove the following elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke v. Ann Arbor Ceiling & Partition Co., L.L.C.*, 489 Mich. 157, 162 (2011) (citing *Roulo v. Auto. Club of Mich.*, 386 Mich. 324, 328 (1971)). "The threshold question in a negligence action is whether the defendant owed a duty to the plaintiff." *Fultz v. Union-Commerce Assocs.*, 470 Mich. 460, 463 (2004). In Michigan, "[e]very person engaged in the performance of an undertaking has a duty to use due care or to not unreasonably endanger the person or property of others." *Hill v. Sears, Roebuck & Co.*, 492 Mich. 651, 660 (2012) (citing *Loweke*, 489 Mich. at 162); *see also Schultz v. Consumers Power Co.*, 443 Mich. 445, 450 (1993) ("[T]hose who undertake particular activities or enter into special relationships assume a distinctive duty to procure knowledge and experience regarding that activity, person, or thing." (citations omitted)). In determining whether a legal duty should be

8

imposed, Michigan courts consider "the relationship of the parties, the foreseeability of the harm, the burden on the defendant, and the nature of the risk presented." *In re Certified Question*, 479 Mich. 498, 505 (2007) (citation omitted).

As relevant here, the Sixth Circuit has previously recognized a duty to exercise reasonable care while operating heavy machinery under Michigan law. *See Kessler v. Visteon Corp.*, 448 F.3d 326, 331 (6th Cir. 2006). In *Kessler*, the plaintiff, an employee of a transportation service, was walking through the defendant's facility to find an employee to assist him in unloading a delivery of parts for the defendant. *Id.* at 328. The plaintiff approached an operating hi-lo, which "moving in reverse, rolled over and broke [the plaintiff's] foot, and its counter-weight struck him in the leg, knocking him over." *Id.* After reviewing the relevant Michigan law, the court concluded: "We think that the Michigan Supreme Court would not hesitate to add that the operators of [hi-los] must take reasonable measures to avoid injury to pedestrians." *Kessler v. Visteon Corp.*, 448 F.3d 326, 331 (6th Cir. 2006).

Here, Plaintiff's undisputed testimony indicates that, at the time of the incident on January 19, 2021, Semeniuk was operating the hi-lo to

9

deliver the flooring to Plaintiff so that it could be loaded into Plaintiff's vehicle. (*See* ECF No. 16-1, PageID.179–183.) This undertaking is sufficient to establish a duty to Plaintiff to exercise reasonable care in the operation of the hi-lo. Further, it is reasonably foreseeable that moving the hi-lo in close vicinity to a person could result in physical injury and that such injury could be severe or even result in death if not undertaken with due care. As such, Defendant had a duty to Plaintiff to exercise reasonable care in the operation of the hi-lo.

The R&R concludes that Defendant did not breach a duty owed to Plaintiff. (ECF No. 24, PageID.362.) The Court does not agree. "The question whether a defendant has breached a duty of care is ordinarily a question of fact for the jury . . . ." *Latham v. Nat'l Car Rental Sys.*, 239 Mich. App. 330, 340 (2000); *see also Good v. BioLife Plasma Servs., L.P.*, 834 F. App'x 188, 195 (6th Cir. 2020) ("Ordinarily, breach is an issue for the factfinder."). Here, Plaintiff testified that, prior to the incident, the pallet was already "[t]hree to four inches" from the back end of his vehicle. (ECF No. 16-1, PageID.181.) He also testified: "I'm not 100% certain about the brake or what happened. I mean, I assumed that it rolled because the parking lot was uneven, because I didn't -- I didn't

10

expect him to drive forward. Like I said, he was already as far as you can be close without hitting my vehicle, so I don't know why he would have gone forward." (*Id.* at PageID.182.) With this testimony, a jury could reasonably conclude that Semeniuk acted negligently in allowing the hi-lo to roll forward on top of Plaintiff's foot. As such, there is a question of material fact regarding whether Defendant breached its duty to Plaintiff.

Defendant argues that Plaintiff was "standing in the back of his truck and voluntarily unloading material from the hi-lo[ ] into his vehicle" and that "[t]here is no evidence that the Defendant's employee would have moved the hi-lo[ ] but for the Plaintiff's request." (ECF No. 16, PageID.160; *see also* ECF No. 28, PageID.412–414.) However, these arguments address Plaintiff's comparative negligence, not whether Defendant breached a duty owed to Plaintiff. *See Riddle v. McLouth Steel Prods. Corp.*, 440 Mich. 85, 98 (1992) ("[C]omparative negligence is an affirmative defense."); *Rodriguez v. Solar of Mich., Inc.*, 191 Mich. App. 483, 488 (1991) ("[T]he question of a plaintiff's own negligence for failure to use due care for his own safety is a jury question unless all reasonable minds could not differ or because of some ascertainable public policy consideration." (citing *Lowe v. Estate Motors Ltd.*, 428 Mich. 439, 455–

11

461 (1987)). Likewise, Defendant's argument that Semeniuk was not on the phone at the time of the incident (*see* ECF No. 16, PageID.159; *see also* ECF No. 16-1, PageID.180–181), does not mean that he could not have been negligent in the actions he took after ending the phone call.

Accordingly, Objection 2 is denied and Objection 3 is granted.

### C.   Objections 4 and 5

Objections 4 and 5 address proximate causation and damages. In the R&R, Judge Patti concludes that "Defendant has convinced me that there is a dearth of evidence on damages related to Plaintiff's alleged foot (ankle) and/or back (spine) injuries, if not also on causation, and Plaintiff did not timely rebut this contention." (ECF No. 24, PageID.364 (citations omitted).) Plaintiff contends in Objection 4 that Plaintiff's undisputed testimony demonstrates he did not have any relevant preexisting injuries and that the incident caused the alleged injuries to Plaintiff's foot and back. (*See* ECF No. 26, PageID.394–396.) In Objection 5, Plaintiff appears to assert that Judge Patti should have considered the joint discovery plan, Plaintiff's expert witness list, and the appendix to Plaintiff's belated response to the motion as evidence that Plaintiff's

12

injuries resulted from the incident. (*See id.* at PageID.396–397; *see also* ECF Nos. 2, 6.)

Judge Patti did not err in failing to consider Plaintiff's statements in the joint discovery plan or Plaintiff's expert witness list, as they do not constitute admissible evidence for purposes of summary judgment. *See* Fed. R. Civ. P. 56(c)(1)(A). Likewise, Judge Patti properly excluded Plaintiff's response and appendix as untimely. (*See* ECF No. 29.) However, the Court agrees with Plaintiff that a reasonable jury could conclude from Plaintiff's undisputed testimony that the injuries to his foot and spine were caused by the incident.

Here, Plaintiff's testimony does not indicate that he had any preexisting injuries to his left foot or lower back at the time of the incident. (*See* ECF No. 16-1, PageID.168, 175–176, 185.) Plaintiff explained that when the hi-lo moved forward, the pallet pinned his left foot and caused him to fall back into his vehicle. (*See id.* at PageID.182.) He also screamed out in pain. (*See id.* at PageID.198–199.) While Plaintiff "tried to walk it off," he sought treatment later that day at an urgent care facility. (*See id.* at PageID.183.) After the pain in his left foot increased in the following weeks, Plaintiff saw his primary care physician, who

13

referred him to a podiatrist. (*See id.* at PageID.184–185.) The podiatrist later determined that the source of Plaintiff's foot pain was likely an injury to his back. (*See id.* at PageID.185.) Plaintiff was also being seen by a chiropractor, who referred him to Dr. Bono. (*See id.* at PageID.171.) Dr. Bono subsequently performed two surgeries on Plaintiff's lumbar spine to address his pain. (*See id.* at PageID.171, 186.) Plaintiff testified that he still experiences pain and numbness as a result of the incident. (*See id.* at PageID.197.) This unrebutted testimony is sufficient for a reasonable factfinder to infer that Plaintiff's left foot and back were injured as a result of the incident.

In its motion and response to Plaintiff's objections, Defendant emphasizes that "Plaintiff's tennis shoe was not damaged, ripped or torn[;]" that Plaintiff "did not observe any swelling, cuts, abrasions, bruising, black-and-blue or purple skin or anything else on the exterior of his skin[;]" and that Plaintiff did not have "any fractures or broken bones." (ECF No. 16, PageID.160; *see also* ECF No. 28, PageID.415.) However, none of these facts demonstrate that Plaintiff was not injured as a result of the incident. A jury could rely on these facts to conclude that Plaintiff was not injured, but on a motion for summary judgment the

14

Court must draw all reasonable inferences in favor of the non-movant. *See Pure Tech Sys.*, 95 F. App'x at 135.

Defendant also asserts that "Plaintiff's testimony alone is insufficient to establish causation because proving a causal connection requires medical questions that are beyond the scope of lay knowledge." (ECF No. 28, PageID.416.) In support of this proposition, Defendant quotes from *Howard v. Feld*, in which the Michigan Court of Appeals held:

> A lay witness generally may testify to something he knows and that does not require expert testimony to establish, such as the existence of a physical injury. Where, however, the contested issue involves medical questions beyond the scope of lay knowledge, such as the existence *vel non* of an injury, the scope of the injury or the causal link between an alleged accident and an injury, testimony by the lay witness may be improper.

100 Mich. App. 271, 273 (1980) (emphasis in original) (citations omitted). However, *Howard* is readily distinguishable from this case. There, the "plaintiff testified that he had been in an automobile accident and had fractured his hip prior to the alleged assault." *Id.* In his testimony, the plaintiff "claimed the assault exacerbated his prior hip injury and necessitated his undergoing a hip operation" and attempted "to testify as

15

the cost of the operation." *Id.* at 273–74. The court of appeals concluded: "We doubt that plaintiff was qualified to render his opinion that his assault, and not the car accident, necessitated his hip operation." *Id.* at 274. Here, there is no evidence in the record that Plaintiff's injuries to his foot or back had any other cause that would necessitate expert testimony to distinguish causation. Consistent with this view, courts applying Michigan law have held that expert testimony is not required where "there [is] ample circumstantial evidence that would 'facilitate reasonable inferences of causation, not mere speculation.'" *Genna v. Jackson*, 286 Mich. App. 413, 421 (2009); *see also Gass v. Marriott Hotel Servs.*, 558 F.3d 419, 433 (6th Cir. 2009) ("It does not take an expert to conclude that, under these circumstances, Defendants more likely than not are responsible for Plaintiffs' injuries."). As such, Plaintiff's undisputed testimony is sufficient to establish causation for purposes of summary judgment.

    Accordingly, Objection 5 is denied and Objection 4 is granted.

## IV. Conclusion

For the reasons set forth below, Plaintiff's objections (ECF No. 26) are GRANTED IN PART AND DENIED IN PART. Objections 1, 2, and 5 are DENIED. Objections 3 and 4 are GRANTED.

The R&R (ECF No. 24) is REJECTED, and Defendant's motion for summary judgment (ECF No. 16) is DENIED.

IT IS SO ORDERED.

Dated: February 16, 2024          s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 16, 2024.

                                  s/William Barkholz
                                  WILLIAM BARKHOLZ
                                  Case Manager